IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WINFRED BENTON                                                  PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:11cv313-TSL-MTP

WAL-MART STORES EAST, LP, et al.                               DEFENDANTS

**<u>ORDER</u>**

THIS MATTER is before court on the Motion to Strike Plaintiff's Expert Witness Designation and/or Limit Testimony of Plaintiff's Experts [54] filed by Defendant Wal-Mart Stores East, LP. Having considered the motion, the court finds that it should be GRANTED in part and DENIED in part.

In its Motion [54], Defendant claims that Plaintiff's purported expert designation of Dr. William Lawrence should be stricken because it was untimely and because it fails to properly comply with Federal Rule of Civil Procedure 26 and Local Uniform Civil Rule 26(a)(2)(D).[1] Defendant claims that Dr. Lawrence (as well as any of Plaintiff's other treating physicians) should be precluded from offering any testimony or opinions about causation, future medical care

---

[1]Local Rule 26(a)(2)(D provides:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

and/or impairment ratings as well as any other opinions which are not specifically contained within the medical records produced during discovery.

Plaintiff's expert designation deadline was January 2, 2012;[2] Plaintiff did not file a formal expert designation. However, in response to Defendant's Interrogatory No. 6 (regarding experts), Plaintiff listed the names and addresses of nine of his treating physicians, including Dr. Lawrence, and reserved the right to call any and all treating physicians. *See* Plaintiff's Response to Interrogatory No. 6, Ex. A to Motion [54]. On February 29, 2012, Plaintiff took the deposition of Dr. Lawrence in Athens, Alabama. *See* Ex. C to Motion [54]. On March 30, 2012, the discovery deadline, Plaintiff supplemented his responses to Defendant's requests for production of documents by stating that he anticipated using the deposition transcript of Dr. Lawrence as an exhibit at the trial of this matter. *See* Ex. B to Motion [54].

At the outset, the court notes that Plaintiff failed to respond to the instant motion. For this reason alone, the motion could be granted as unopposed pursuant to L.U.Civ.R. 7(b)(3)(E).

In considering a motion to strike an improper expert designation, the court balances the four factors outlined in *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990): "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *see also Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). These four factors are analyzed below.

The first factor favors Defendant, as Plaintiff failed to offer any explanation for his

---

[2]*See* Amended Case Management Order [22].

failure to properly and timely identify the witness. There has been no showing of good cause for Plaintiff's delay. Indeed, Plaintiff failed to even respond to the motion.

The second factor also favors Defendant. The court cannot determine the importance of the testimony. Plaintiff failed to provide a summary of the substance of his Dr. Lawrence's proposed testimony and failed to respond to the motion. However, the court can surmise that Dr. Lawrence's testimony is important to the Plaintiff's case or his deposition would not have been taken and Plaintiff would not be seeking to use his deposition transcript at trial.

The third factor favors Plaintiff, at least with respect to Dr. Lawrence. Defendant fails to allege or demonstrate how it would be prejudiced by the proposed testimony of Dr. Lawrence. Although Plaintiff failed to properly designate Dr. Lawrence, or any other treating physician he expects to call at trial, he disclosed his treating physicians as early as October 3, 2011. Moreover, Defendant was present at Dr. Lawrence's deposition and thus will not be surprised by this testimony. As set forth below, the court will allow Defendant an opportunity to designate a rebuttal expert if necessary.

The third factor favors Defendant with respect to all of Plaintiff's other treating physicians. There is no evidence before the court that any other physician's depositions were taken.

The fourth factor favors Plaintiff, at least with respect to Dr. Lawrence. Any prejudice the untimely and improper purported expert designation of Dr. Lawrence may cause Defendant can be cured by an extension of the Defendant's expert designation deadline for the purpose of allowing Defendant to designate a rebuttal expert. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) ("[W]e have repeatedly emphasized that a continuance is the preferred

means of dealing with a party's attempt to designate a witness out of time. . . . A continuance would have given State Farm an opportunity to depose [the] expert witnesses, to file *Daubert* challenges, and to designate experts for rebuttal."). Accordingly,

IT IS, THEREFORE, ORDERED:

1. Defendant's Motion to Strike Plaintiff's Expert Witness Designation and/or Limit Testimony of Plaintiff's Experts [54] is GRANTED in part and DENIED in part.

2. Defendant's Motion [54] is granted with respect to the eight treating physicians other than Dr. Lawrence. Plaintiff's purported designation, if any, of the other eight treating physicians should be limited to the scope and content of Plaintiff's medical records.

3. Defendant's Motion [54] is denied with respect to Dr. Lawrence. Plaintiff's purported expert designation of Dr. Lawrence will be allowed only to the extent of his deposition testimony and Plaintiff's medical records.[3] Any opinions or information offered by Dr. Lawrence outside of the medical records or deposition testimony will not be allowed.

4. Defendant may designate a rebuttal expert on or before June 1, 2012.

SO ORDERED this the 10th day of May, 2012.

s/ Michael T. Parker
United States Magistrate Judge

---

[3]The undersigned offers no opinion on the ultimate admissibility of Dr. Lawrence's testimony. Such determination is reserved for the district court judge.